## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PELOTON INTERACTIVE, INC.,<br><br>                                   Plaintiff,<br><br>            v.<br><br>LULULEMON ATHLETICA<br>CANADA INC.,<br><br>                                   Defendant. | 21 Civ. <u>10071</u><br><br>**COMPLAINT FOR DECLARATORY**<br>**JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Peloton Interactive, Inc. ("Peloton"), by and through its undersigned counsel, brings this Complaint for Declaratory Judgment and alleges as follows against Defendant lululemon athletica canada inc. ("lululemon"):

### SUMMARY OF THE ACTION

1.      In addition to being the world's leading interactive fitness platform, Peloton has its own private label apparel brand, Peloton Apparel, which consists of  style-forward, expertly-crafted pieces that have been wear-tested by real Peloton Members, non-members, and Peloton's own instructors to ensure every style is high-performing and body-inclusive.  Although Peloton first began selling apparel in 2014 in response to Member demand, it officially launched its private label line in September 2021.

2.      At the time, the termination of the Peloton-lululemon co-branding relationship was amicable; lululemon did not object in any way to Peloton's termination decision or Peloton's offering of its own active wear apparel.

3.      Notwithstanding this amicable break, Peloton received a cease and desist letter from lululemon's outside counsel on or about November 11, 2021.  In that letter, lululemon, for

the first time, alleged that five of Peloton's branded and private label active wear apparel products infringed on design patents held by lululemon (U.S. Design Patent Nos. D709,668 ("the '668 patent"), D759,942 ("the '942 patent"), D798,539 ("the '539 patent"), D836,291 ("the '291 patent"), D903,233 ("the '233 patent"), and D923,914 ("the '914 patent"), collectively, the "lululemon Patents" or "lululemon Patented Designs"), and that one of the Peloton-branded active wear apparel products that another active wear apparel company designed and produces infringed lululemon's trade dress rights.

4.      Also in that letter, lululemon's outside counsel demanded that Peloton cease selling the products at issue, and stated that it would file an infringement lawsuit if Peloton refused to comply with lululemon's demands.   lululemon also requested that Peloton provide: (1) an accounting of its sales for the allegedly infringing Peloton products; and (2) documents and information shared between the parties or simply relating to their co-branding relationship.

5.      But lululemon's allegations lack any merit.   Even a quick comparison of the lululemon Patented Designs with the allegedly infringing Peloton products reveals numerous clear and obvious differences that allow the products to be easily distinguished.   And on top of the numerous clear and obvious differences in design, Peloton and lululemon's brands and logos are also distinctive and well-recognized, making confusion between products a virtual impossibility due to the prominent display of the parties' respective trademarks on their products and both brands' sophisticated consumers.   What is more, lululemon's claimed design patents are invalid because, at a minimum, they are anticipated and/or obvious and, thus, cannot be infringed upon.

6.      Given lululemon's baseless threats, Peloton brings this action to obtain a declaratory judgment that Peloton's apparel products do not infringe lululemon's design patents and trade dress.   This declaratory judgment action will allow Peloton to eliminate any uncertainty

caused by lululemon's unmerited threats, and to confirm Peloton's rights in response to those threats.

7.    Accordingly, Peloton seeks a declaration that (1) Peloton has not infringed, and does not infringe upon the asserted lululemon Patents; (2) the asserted lululemon Patents are invalid; and/or (3) Peloton has not infringed, and does not infringe, upon any purported lululemon trade dress rights.

## THE PARTIES

8.    Plaintiff Peloton is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 441 Ninth Avenue, 6th Floor, New York, New York, 10001.

9.    Upon information and belief, Defendant lululemon is a corporation organized under the laws of the Province of British Columbia, with its principal place of business at 400 – 1818 Cornwall Ave, Vancouver, British Columbia, V6J 1C7.

## JURISDICTION AND VENUE

10.    This is a civil action for declaratory judgment brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arises under the Patent Laws of the United States, Title 35 of the United States Code (35 U.S.C. §§ 100 et seq.).

11.    This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as it involves claims arising under the Patent Laws of the United States.

12.    Upon information and belief, personal jurisdiction is proper in this Court as to lululemon because lululemon solicits and conducts business within the State of New York, including but not limited to owning and operating retail stores, maintaining a website accessible in New York, marketing and selling products to customers in the State of New York, and having sales in the State of New York through its website and retail stores.  Therefore, the Court has

personal jurisdiction over lululemon pursuant to CPLR §§ 301 and 302 and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

13.     An actual case or controversy exists giving Peloton standing under Article III of the United States Constitution to file this declaratory judgment action pursuant to 28 U.S.C. §§ 2201, 2202.   Specifically, lululemon, through its outside counsel, sent a letter dated November 11, 2021 to Peloton threatening legal action against Peloton with respect to the matters addressed by this Complaint.   A declaration by the Court will serve a useful purpose in clarifying or settling the legal issues involved, will finalize the controversy and offer relief from uncertainty, and will help avoid the accrual of potential damages and additional litigation.

## FACTUAL BACKGROUND

14.     Since its inception in 2012, Peloton has revolutionized the fitness industry, becoming the largest interactive fitness platform in the world with a loyal community of more than 5.9 million members.   Peloton makes fitness entertaining, approachable, effective, and convenient while fostering social connections amongst its users that encourage them to be the best versions of themselves.   Peloton delivered its first bikes (the "Peloton Bike") in 2014 and received near universal adulation, with Men's Health magazine naming the Bike "the best cardio machine on the planet," and fitness experts hailing it as "revolutionary," and "category creating."   Peloton currently employs thousands of people across the country, and it advertises, markets, and sells its products nationwide and around the globe.

15.     Building on its success and expertise in the fitness industry, Peloton recognized a consumer appetite for products featuring the Peloton brand.   Accordingly Peloton began partnering with other active wear apparel companies, such as lululemon, to offer co-branded products.   The co-branded products were designed and manufactured by the other apparel companies and

Peloton's branding would then be added to the apparel to appeal to Peloton's constantly growing and loyal customer base.

16.     In 2016, Peloton began a co-branding partnership with lululemon, and sold a variety of lululemon apparel products co-branded by Peloton.

17.     The process of bringing Peloton and lululemon co-branded products to market, started with Peloton purchasing lululemon products wholesale.  Pursuant to its agreement with lululemon, Peloton would send the lululemon products to a separate printer to add Peloton's branding.  The co-branded products would then be sold by Peloton.  The time from when Peloton would be shown lululemon's designs for sale and when the co-branded products would be ready for Peloton to offer for sale was typically around a year.

18.     However, the burdensome and time-intensive co-branding process was not workable at the high demand levels Peloton started to experience.  Earlier this year Peloton ultimately decided to end its partnership with lululemon, and develop its own private label brand of fitness apparel.

19.     While the partnership ended amicably, lululemon has now challenged certain of the products that Peloton offers, apparently as a result of Peloton's success with such products.

### *lululemon's Infringement Claims and Threats*

20.     On November 11, 2021, lululemon sent a cease and desist letter through its outside legal counsel to Peloton concerning alleged infringement of certain lululemon Design Patents and the Align trade dress ("November 11th Letter").  Ex. 1.

21.     The November 11th Letter alleged that the Peloton Branded Strappy Bra, the Peloton Cadent Laser Dot Legging, the Peloton Cadent Laser Dot Bra, the Peloton Branded High

Neck Bra, the Peloton Cadent Peak Bra, and the Peloton Branded One Lux Tight (collectively, the "Peloton Products"), were infringing the lululemon Patents or purported Align trade dress.

22.     Among other things, lululemon's letter demanded that Peloton "immediately stop infringing" the lululemon Patents and the Align Trade Dress and that Peloton provide an accounting of all sales and distribution of the allegedly infringing products.  Further, lululemon's letter goes on to state that: (1) "[o]nce Peloton provides this accounting, lululemon will provide additional requirements;" and (2) if Peloton does not comply with lululemon's demands, "lululemon will file a complaint for patent and trade dress infringement and trade secret misappropriation in federal court."

### *Peloton's Products Do Not Infringe the Asserted Patents*

23.     Peloton's products do not infringe the lululemon Patents.  Each of the identified Peloton Products has clear and obvious differences from the lululemon Patented Designs.

24.     **Peloton Branded Strappy Bra**.  The Peloton Branded Strappy Bra has a number of key differences from the '668 and '942 patents.  *See* Exs. 2, 3, 18.



| Peloton Branded Strappy Bra | The '668 Patent | The '942 Patent |

For example, the back of the Peloton Branded Strappy Bra is cut straight across and includes a mesh layer with the center two straps on top of the mesh and the outer two underneath the mesh. The '668 and '942 patents have a scooped back and do not include a mesh layer.  The woven lattice pattern of the straps in the Peloton bra differs from both the '668 and '942 patents.  Additionally the '668 patent expressly includes the placement of a small lululemon logo on the back of the bra, whereas Peloton's logo is prominently visible and on the front.  The Strappy Bra also bears another active wear apparel company's branding, as it is designed and produced by that company and merely branded with Peloton's logo.

25.   **Peloton Cadent Laser Dot Leggings**.  The differences between Peloton's Cadent Laser Dot Legging and the '539 patent are similarly striking.  *See* Exs. 4. 19.



The '539 patent includes a netting insert in the shape of a right angle triangle placed on the side seam and extending towards the front of the pant.  The mesh insert extends from the bottom of the

pant to the upper calf.  Yet the Peloton Cadent Laser Dot Legging does not include any type of insert at all.  The unique dotted pattern extending from mid-ankle to just below the knee on Peloton's legging is created by cutting small holes out of the fabric itself in a shape similar to that of a Christmas tree.  And directly under the pattern is Peloton's branding.

26.    **Peloton's Cadent Laser Dot Bra**.  The differences between the '291 patent and Peloton's Cadent Laser Dot Bra are similar to those for the Peloton Cadent Laser Dot Legging.  *See* Exs. 5, 20.



| Peloton Cadent Laser Dot Bra | The '291 Patent |
|---|---|
| Pattern Close-Up View | |

The '291 patent claims a translucent, transparent, or see-through mesh or fabric, whereas the dotted pattern on Peloton's Cadent Laser Dot Bra is a pattern cut into the fabric of the bra itself. The shape of the insert claimed in the '291 patent is also different from that of Peloton's product. The '291 patent shows a triangle with two rounded sides. Peloton's unique dotted pattern is more similar to a Christmas tree shape.

27. **Peloton Branded High Neck Bra**. Peloton's High Neck Bra is another co-branded product that was designed and manufactured by another active wear apparel company. It is easily distinguishable from the '233 patent. *See* Exs. 6, 21.



| Peloton Branded High Neck Bra | The '233 Patent |
|---|---|

The Peloton branded High Neck bra has a vesica piscis (or leaf shape) cutout in the back, made by two separate fabric panels that cross over at the top. The cutout extends from just under the top of the back to the thin band with the other active wear apparel company's logo in the center. The '233 patent has a cutout in a rounded triangle shape extending from the middle of the bra to the wide band. Unlike the Peloton branded bra, the '233 patent is made by four separate fabric panels,

with two panels creating one cutout that is slightly larger than the cutout made by the other two panels.  The Peloton branded High Neck bra also was sold in the market before lululemon even filed its patent application.

28.   **Peloton Cadent Peak Bra.**  Peloton's Cadent Peak Bra also does not infringe the '914 patent given the clear differences between the two.  *See* Exs. 7, 22.



| Peloton Cadent Peak Bra | The '914 Patent (lululemon Take Shape Bra) |
|---|---|
| Back Strap Close-Up View | Back Strap Close-Up View |

Peloton's Cadent Peak bra has a straight back with a back panel above the band, in contrast to the scooped back of the '914 patent which only has a band.  The '914 patent claims a back strap attachment that is a single piece of strap material joined in two places to the narrow band; that strap is then connected to the shoulder strap with a ring.  Peloton's Cadent Peak bra in contrast has one strap piece that runs from the shoulder and after joining with the back top panel continues on top of the back panel and then joins with the top of the band.  It then includes a separate strap piece proceeding from the top of the back panel that joins with the strap in back.

### *lululemon's Design Patents Are Invalid*

29.     Additionally, the lululemon Patents are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

30.     **The '668 and '942 Patents.**  While lululemon asserts that Peloton's Strappy Bra infringes on its '668 and '942  patents, neither lululemon patent is valid.  The '668 patent has an effective filing date of March 29, 2012.  The '942 is a continuation of the '668 patent.  The basic features of the '668 and '942 patents were already known in the prior art prior to their effective filing date.  For example, U.S. Design Patent No. D635,329  ("the '329 patent") issued on April 5, 2011 to ASICS Corporation already incorporated certain basic features of the '668 and '942 patents.  *See* Ex. 8.



| Prior Art<br><br>The '329 Patent | lululemon<br><br>The '668 Patent | lululemon<br><br>The '942 Patent |
|---|---|---|
| Issued April 5, 2011 | Filed March 29, 2012 | Filed June 16, 2014 |

31.   **The '539 Patent**.  lululemon has asserted that Peloton's Cadent Laser Dot legging infringes on the '539 patent; however, lululemon's patent is invalid.  The basic features of the '539 patent were already known in the prior art.  For example, U.S. Design Patent No. D668,839 ("the '839 patent"), issued on October 16, 2012 to the Cannon Corporation, already incorporated certain basic features of the '539 patent for a netted insert on the hem of an apparel item.  Ex. 9.



| Prior Art<br><br>The '839 Patent | lululemon<br><br>The '539 Patent |
|---|---|
| FIG. 2 | Fig. 3 |
| Issued October 16, 2012 | Filed May 24, 2016 |

32.   **The '291 Patent**.  While lululemon asserts that Peloton's Cadent Laser Dot Bra infringes on its '291 patent, lululemon's patent is invalid.  The basic features of the '291 patent were already known in the prior art.  For example, the Sweaty Betty Stamina sports bra design was sold or otherwise made available to the public at least by May 2015, which was almost two full years before lululemon filed for the '291 patent (filed Dec. 8, 2017).  Exs. 10, 11.



| Prior Art | lululemon |
|---|---|
| **Sweaty Betty Stamina sports bra** | **The '291 Patent** |
| On sale as early as 2015 | Filed December 8, 2017 |

33.     **The '233 Patent**.  lululemon asserts that the Peloton branded High Neck Sports bra infringes on the '233 patent, yet the lululemon patent is invalid.  The basic features of the '233 patent were already known in the prior art.  For example, upon information and belief, the Flextek V-Neck Crop Top design includes some of these basic features and was on sale prior to the effective filing date of the '233 patent.  Ex. 12.

| Prior Art<br><br>Flextek V-Neck Crop Top | lululemon<br><br>The '233 Patent |
|:---:|:---:|
|  | |
| On Sale as early as 2019 | Filed September 19, 2019 |

34.  **The '914 Patent.** lululemon has asserted that Peloton's Cadent Peak Bra infringes on the '914 patent, however, lululemon's patent is invalid. The basic features of the '914 patent were already known in the prior art. For example, U.S. Design Patent No. D798,536 ("the '536 patent"), issued on October 3, 2017 to lululemon, incorporates the same features as the '914 Patent. Ex. 13.



| Prior Art<br><br>The '536 Patent | lululemon<br><br>The '914 Patent |
|---|---|
| Issued October 3, 2017 | Filed May 8, 2019 |

35.    Additionally, upon information and belief, products with similar basic features to those claimed in the '914 patent, including at least the lululemon Seamlessly Plunge bra, were known prior to the effective filing date for this patent.  Ex. 14.



**lululemon Seamlessly Plunge Bra**

On sale as early as 2015

### *The Peloton Branded One Lux Tight does not infringe any purported Align trade dress.*

36.    Peloton's branded One Lux Tight does not infringe lululemon's purported trade dress for the Align pant.  The One Lux Tight is a co-branded product sold by another active wear apparel company, which Peloton buys wholesale and then adds its branding.

37.    Almost every retailer in the active wear market offers a similar legging with a banded waist.  The pattern for lululemon's Align pant is not sufficiently distinctive from the multitude of other products on the market.  For example, Athleta, HeyNuts, and Old Navy offer near identical leggings in terms of the fabric pattern.  *See* Exs. 15, 16, and 17.

38.    The only distinctive visual design feature of lululemon's Align pant is its logo in the center of the back of the waist band.  Peloton's branded One Lux Tight is easily distinguished by the prominent Peloton branding included on such product.  *See* Ex. 23.

| Peloton Branded One Lux Tight | lululemon Align pant |
|---|---|



## COUNT I

## DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D709,668

39.     Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

40.     lululemon claims to be the sole owner of the '668 Patent.

41.     In its November 2021 Letter, lululemon asserted that Peloton has infringed and is infringing the '668 Patent by selling at least the Peloton Branded Strappy Bra.  Ex. 1, Appendix A.

42.     Peloton has not infringed and does not infringe the '668 patent directly or indirectly, by making, importing, or selling the Peloton Branded Strappy Bra, for at least the reasons set forth above.

43.     Due to lululemon's assertion of the '668 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the infringement of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

44.     A judicial declaration is necessary and appropriate so that Peloton may confirm its rights with respect to the '668 patent.

45.     Peloton requests that the Court enter a declaratory judgment that Peloton has not infringed and is not infringing any valid claim of the '668 patent.

## COUNT II

## DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D709,668

46.     Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

47.     Upon information and belief, the '668 patent is invalid for failure to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112, in view of, but not limited to, material prior art, including but not limited to U.S. Design Patent No. D635,329, and other information that indicates that the '668 patent was anticipated or would have been obvious at the time the claimed design(s) was made, and the fact that the figures of the '668 patent are vague and indefinite.  Ex. 8.

48.     Peloton reserves the right to assert additional bases for invalidity of the '668 Patent.

49.     Due to lululemon's assertion of the '668 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the validity of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

50.     An actual case or controversy therefore exists as to whether the '668 patent is valid.

51.     Peloton requests that the Court enter a declaratory judgment that the '668 patent is invalid.

## COUNT III

## DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D759,942

52.     Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

53.     lululemon claims to be the sole owner of the '942 patent.

54.     In its November 2021 Letter, lululemon asserted that Peloton has infringed and is infringing the '942 patent by selling at least the Peloton Branded Strappy Bra.  Ex. 1, Appendix A.

55.     Peloton has not infringed and does not infringe the '942 patent directly or indirectly, by making, importing, or selling the Peloton Branded Strappy Bra, for at least the reasons set forth above.

56.     Due to lululemon's assertion of the '942 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the infringement of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

57.     A judicial declaration is necessary and appropriate so that Peloton may confirm its rights with respect to the '942 patent.

58.     Peloton requests that the Court enter a declaratory judgment that Peloton has not infringed and is not infringing any valid claim of the '942 patent.

## COUNT IV

## DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D759,942

59.     Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

60.     Upon information and belief, the '942 patent is invalid for failure to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112, in view of, but not limited to, material prior art, including but not limited to U.S. Design Patent No. D635,329, and other information that indicates that the '942 patent was anticipated or would have been obvious at the time the claimed design(s) was made, and the fact that the figures of the '668 patent are vague and indefinite.  Ex. 8.

61.     Peloton reserves the right to assert additional bases for invalidity of the '942 patent.

62.     Due to lululemon's assertion of the '942 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the validity of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

63.     An actual case or controversy therefore exists as to whether the '942 patent is valid..

64.     Peloton requests that the Court enter a declaratory judgment that the '942 patent is invalid.

## COUNT V

## DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D798,539

65.     Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

66.     lululemon claims to be the sole owner of the '539 Design Patent.

67.     In its November 2021 Letter, lululemon asserted that Peloton has infringed and is infringing the '539 patent by selling at least the Peloton Cadent Laser Dot Legging.  Ex. 1, Appendix A.

68.     Peloton has not infringed and does not infringe the '539 patent directly or indirectly, by making, importing, or selling the Peloton Cadent Laser Dot Legging, for at least the reasons set forth above.

22

69.     Due to lululemon's assertion of the '539 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the infringement of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

70.     A judicial declaration is necessary and appropriate so that Peloton may confirm its rights with respect to the '539 patent.

71.     Peloton requests that the Court enter a declaratory judgment that Peloton has not infringed and is not infringing any valid claim of the '539 patent.

<u>COUNT VI</u>

<u>DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D798,539</u>

72.     Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

73.     Upon information and belief, the '539 patent is invalid for failure to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112, in view of, but not limited to, material prior art, including but not limited to U.S. Design Patent No. D668,839, and other information that indicates that the '539 patent was anticipated or would have been obvious at the time the claimed design(s) was made, and the fact that the figures of the '539 patent are vague and indefinite.  Ex. 9.

74.     Peloton reserves the right to assert additional bases for invalidity of the '539 patent.

75.     Due to lululemon's assertion of the '539 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the validity of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

76.     An actual case or controversy therefore exists as to whether the '539 Design Patent is valid.

77.     Peloton requests that the Court enter a declaratory judgment that the '539 patent is invalid.

## COUNT VII

## DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D836,291

78.     Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

79.     lululemon claims to be the sole owner of the '291 patent.

80.     In its November 2021 Letter, lululemon asserted that Peloton has infringed and is infringing the '291 patent by selling at least the Peloton Cadent Laser Dot Bra.  Ex. 1, Appendix A.

81.     Peloton has not infringed and does not infringe the '291 patent directly or indirectly, by making, importing, or selling the Peloton Cadent Laser Dot Bra, for at least the reasons set forth above.

82.     Due to lululemon's assertion of the '291 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the infringement of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

83.     A judicial declaration is necessary and appropriate so that Peloton may confirm its rights with respect to the '291 patent.

84.     Peloton requests that the Court enter a declaratory judgment that Peloton has not infringed and is not infringing any valid claim of the '291 patent.

## COUNT VIII

## DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D836,291

85.     Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

86.     Upon information and belief, the '291 patent is invalid for failure to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112, in view of, but not limited to, material prior

art, including but not limited to the Sweaty Betty Stamina sports bra, and other information that indicates that the '291 patent was anticipated or would have been obvious at the time the claimed design(s) was made, and the fact that the figures of the '291 patent are vague and indefinite.  Exs. 10, 11.

87.     Peloton reserves the right to assert additional bases for invalidity of the '291 patent.

88.     Due to lululemon's assertion of the '291 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the validity of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

89.     An actual case or controversy therefore exists as to whether the '291 patent is valid.

90.     Peloton requests that the Court enter a declaratory judgment that the '291 patent is invalid.

## COUNT IX

## DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D903,233

91.     Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

92.     lululemon claims to be the sole owner of the '233 patent.

93.     In its November 2021 Letter, lululemon asserted that Peloton has infringed and is infringing the '233 patent by selling at least the Peloton High Neck Bra.  Ex. 1, Appendix A.

94.     Peloton has not infringed and does not infringe the '233 patent directly or indirectly, by making, importing, or selling the Peloton High Neck Bra, for at least the reasons set forth above.

95.     Due to lululemon's assertion of the '233 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the infringement of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

96.    A judicial declaration is necessary and appropriate so that Peloton may confirm its rights with respect to the '233 patent.

97.    Peloton requests that the Court enter a declaratory judgment that Peloton has not infringed and is not infringing any valid claim of the '233 patent.

<b><u>COUNT X</u></b>

<b><u>DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D903,233</u></b>

98.    Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

99.    Upon information and belief, the '233 patent is invalid for failure to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112, in view of, but not limited to, material prior art, including but not limited to U.S. Design Patent No. D798,536, and other information that indicates that the '233 patent was anticipated or would have been obvious at the time the claimed design(s) was made, and the fact that the figures of the '233 patent are vague and indefinite.  Ex. 13.

100.    Peloton reserves the right to assert additional bases for invalidity of the '233 patent.

101.    Due to lululemon's assertion of the '233 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the validity of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

102.    An actual case or controversy therefore exists as to whether the '233 patent is valid.

103.    Peloton requests that the Court enter a declaratory judgment that the '233 patent is invalid.

## COUNT XI

## DECLARATION OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D923,914

104.    Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

105.    lululemon claims to be the sole owner of the '914 patent.

106.    In its November 2021 Letter, lululemon asserted that Peloton has infringed and is infringing the '914 patent by selling at least the Cadent Peak Bra.  Ex. 1, Appendix A.

107.    Peloton has not infringed and does not infringe the '914 patent directly or indirectly, by making, importing, or selling the Peloton Cadent Peak Bra, for at least the reasons set forth above.

108.    Due to lululemon's assertion of the '914 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the infringement of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

109.    A judicial declaration is necessary and appropriate so that Peloton may confirm its rights with respect to the '914 patent.

110.    Peloton requests that the Court enter a declaratory judgment that Peloton has not infringed and is not infringing any valid claim of the '914 patent.

## COUNT XII

## DECLARATION OF INVALIDITY OF U.S. DESIGN PATENT NO. D923,914

111.    Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

112.    Upon information and belief, the '914 patent is invalid for failure to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112, in view of, but not limited to, material prior art, including but not limited to the lululemon Seamlessly Plunge Bra, and other information that

indicates that the '914 patent was anticipated or would have been obvious at the time the claimed design(s) was made, and the fact that the figures of the '914 patent are vague and indefinite.  Ex. 14.

113.    Peloton reserves the right to assert additional bases for invalidity of the '914 patent.

114.    Due to lululemon's assertion of the '914 patent against Peloton, there is an actual and justiciable controversy between the parties concerning the validity of that patent arising under the Patent Act (title 35 U.S.C. §§ 1 et seq).

115.    An actual case or controversy therefore exists as to whether the '914 patent is valid.

116.    Peloton requests that the Court enter a declaratory judgment that the '914 patent is invalid.

## COUNT XIII

## DECLARATION OF NON-INFRINGEMENT OF TRADE DRESS

117.    Peloton repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

118.    In its November 2021 Letter, lululemon asserted that Peloton has infringed and is infringing its purported Align Trade Dress by selling the Peloton branded One Luxe Tight. Ex. 1, Appendix B.

119.    lululemon does not have any rights in the purported Align trade dress because (1) the features of the Align pant are ornamental and fail to function as a source identifier; and (2) to the extent the features of the Align pant are not ornamental, they (i) are not distinctive such that they may function as a source identifier, and (ii) have not acquired distinctiveness and/or secondary meaning so that they may function as a source identifier.

120.    Even if lululemon's purported Align trade dress was protectable, the Peloton branded One Luxe Tights do not infringe and have not infringed any purported Align trade dress,

pursuant to 15 U.S.C. § 1116, because the sale of Peloton branded One Luxe Tights is not likely to cause any confusion, mistake or deception.

121.    Due to lululemon's assertion of the purported Align trade dress against Peloton, there is an actual and justiciable controversy between the parties concerning the infringement of that trade dress under the Lanham Act (15 U.S.C. §1051 et seq.)

122.    A judicial declaration is necessary and appropriate so that Peloton may confirm its rights with respect to its accused products.

123.    Peloton requests that the Court enter a declaratory judgment that lululemon does not have trade dress rights in the purported Align trade dress and, even if it did, the Peloton branded One Luxe Tight has not infringed and is not infringing any such rights.

## PRAYER FOR RELIEF

WHEREFORE, Peloton respectfully requests that the Court grant at least the following relief:

    A.  a declaration that Peloton has not infringed any valid and enforceable claim of the '668 patent;

    B.  a declaration that the '668 patent is invalid and unenforceable;

    C.  a declaration that Peloton has not infringed any valid and enforceable claim of the '942 patent;

    D.  a declaration that the '942 patent is invalid and unenforceable;

    E.  a declaration that Peloton has not infringed any valid and enforceable claim of the '539 patent;

    F.  a declaration that the '539 patent is invalid and unenforceable;

G.  a declaration that Peloton has not infringed any valid and enforceable claim of the '291 patent;

H.  a declaration that the '291 patent is invalid and unenforceable;

I.  a declaration that Peloton has not infringed any valid and enforceable claim of the '233 patent;

J.  a declaration that the '233 patent is invalid and unenforceable;

K.  a declaration that Peloton has not infringed any valid and enforceable claim of the '914 patent;

L.  a declaration that the '914 patent is invalid and unenforceable;

M.  a declaration that lululemon does not have any trade dress rights in the purported Align trade dress and/or that Peloton has not infringed any such trade dress;

N.  Peloton's reasonable attorneys' fees and costs;

O.  and any other relief the Court may consider equitable, just, and proper.

## DEMAND FOR JURY TRIAL

Peloton respectfully requests a trial by jury as to all issues triable to a jury.

Dated: November 24, 2021
        New York, New York

Respectfully submitted,


/s/  *Steven N. Feldman*
Steven N. Feldman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Phone: (212) 906-1200
steve.feldman@lw.com

Matthew Walch *(pro hac vice forthcoming)*
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: (312) 876-7700
matthew.walch@lw.com

Rebekah Soule *(pro hac vice forthcoming)*
Kellye Quirk *(pro hac vice forthcoming)*
LATHAM & WATKINS LLP
555 Eleventh St. NW, Suite 1000
Washington, D.C. 20004
Phone: (202) 637-2200
rebekah.soule@lw.com
kellye.quirk@lw.com


*Attorneys for Plaintiff Peloton Interactive,
Inc.*