USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___9/29/22_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**PELOTON INTERACTIVE, INC.,**

                                        **Plaintiff,**
          **-against-**

**LULULEMON ATHLETICA CANADA INC.,**

                                        **Defendant.**

**21-CV-10071 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Peloton Interactive, Inc. ("Peloton") brings this suit, seeking a declaratory

judgment against Defendant lululemon athletica canada inc. ("lululemon").[1] Defendant moves to

dismiss this action. For the following reasons, Defendant's motion to dismiss is GRANTED.

**FACTUAL BACKGROUND**

Plaintiff Peloton, "the world's leading interactive fitness platform," also has a private label

apparel brand, Peloton Apparel. ECF No. 1 ("Compl.") ¶ 1. Lululemon is an active wear apparel

company. *Id*. ¶ 15. In 2016, lululemon and Peloton entered into a co-branding agreement, resulting

in Peloton selling lululemon apparel co-branded by Peloton. *Id*. ¶ 16. In 2021, Peloton ended the

partnership with lululemon and began its own private label apparel brand. *Id*. ¶ 18.

On November 11, 2021, lululemon sent Peloton a cease-and-desist letter regarding alleged

infringement of lululemon patent and trade dress. *Id*. ¶ 20. Specifically, it alleged that the Peloton

Branded Strappy Bra, the Peloton Cadent Laser Dot Legging, the Peloton Cadent Laser Dot Bra,

the Peloton Branded High Neck Bra, the Peloton Cadent Peak Bra, and the Peloton Branded One

Lux Tight infringed upon lululemon patents and trade dress. *Id*. ¶ 21. The cease-and-desist letter

demanded that Peloton "immediately stop infringing" the patents and trade dress, and provide a

---

[1] Although lululemon athletica canada is a proper name for a company, we will not capitalize this proper name since
the company does not capitalize the first letters of its name.

response by November 19, 2021, confirming that Peloton "will fully comply with lululemon's requests herein otherwise lululemon will file a Complaint for patent and trade dress infringement and trade secret misappropriation in federal court." ECF No. 1-1, Ex. 1 at 2.

## PROCEDURAL HISTORY

On November 24, 2021, Peloton filed the instant declaratory judgment suit seeking a declaration that Peloton has not infringed upon the relevant patents and trade dress, that the patents are invalid and unenforceable, and that lululemon has no trade dress rights in the relevant trade dress. On November 29, 2021, lululemon filed a complaint for patent and trade dress infringement in the United States District Court for the Central District of California. On January 7, 2022, lululemon filed the instant motion, arguing that the Court should dismiss this suit as an anticipatory declaratory judgment action.

## DISCUSSION

### I.      Standard of Review

 "When deciding issues in a patent case, a district court applies the law of the circuit in which it sits to non-patent issues and the law of the Federal Circuit to issues of substantive patent law." *Kickstarter, Inc. v. Fan Funded, LLC*, 2015 WL 3947178, at *4 n.6 (S.D.N.Y. June 29, 2015), *aff'd*, 654 F. App'x 481 (Fed. Cir. 2016) (citing *In re Cambridge Biotech Corp.*, 186 F.3d 1356, 1368 (Fed. Cir. 1999)). While the first-to-file rule and its exceptions are not inherently "issues of substantive patent law," the Federal Circuit has stated that questions involving the first-to-file rule in a patent case are governed by Federal Circuit law. *See Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is

governed by this circuit's law."). The Court finds that dismissal is warranted under both Second Circuit and Federal Circuit law.

## II. Anticipatory Declaratory Judgement Action

In the Second Circuit, "[a]s a general rule, where there are two competing lawsuits, the first suit should have priority." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274–5 (2d Cir. 2008) (internal quotation marks and citations omitted). This rule does not apply "(1) where the balance of convenience favors the second-filed action, and (2) where special circumstances warrant giving priority to the second suit." *Id*. at 275 (cleaned up). "[W]here the first-filed lawsuit is an improper anticipatory declaratory judgment action," the suit falls into the second "special circumstances" exception. *Id*. An improper anticipatory declaratory judgment action is one "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action" and "deprive[s] the 'natural plaintiff' of its choice of forum." *Id*. at 276 & n.4.  "The Second Circuit has held that the filing of a declaratory judgment action triggered by a notice letter is a persuasive indicator of anticipatory conduct." *Chicago Ins. Co. v. Holzer*, No. 00-CV-1062, 2000 WL 777907, at *2 (S.D.N.Y. June 16, 2000). "When a notice letter informs a [party] of [(1)] the intention to file suit, [(2)] a filing date, and/or [(3)] a specific forum for the filing of the suit, the courts have found, in the exercise of discretion, in favor of the second-filed action." *Cephalon, Inc. v. Travelers Cos.*, 935 F. Supp. 2d 609, 614 (S.D.N.Y. 2013) (internal quotation marks and citations omitted). "While it may be preferable for the notice to cover all three bases, any of the factors is sufficient to provide adequate notice." *Id*. (internal quotations and citations omitted). Indeed, "[w]here courts have entertained a declaratory action despite the plaintiff's receipt of pre-suit correspondence, all three indicia of impending litigation have been absent." *Id*.

Similarly, the Federal Circuit recognizes that the first-to-file rule "is not absolute" and that "exceptions may be made if justified by considerations of judicial and litigant economy, and the just and effective disposition of disputes." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (internal quotation marks and citations omitted). Further, the Federal Circuit has noted that such "exceptions are not rare." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). When one of the actions is a declaratory judgment action, "district courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020).

The Federal Circuit, like the Second Circuit, has made clear its disinclination to apply the first-to-file rule when the first-filed action is an anticipatory declaratory judgment. In *Communications Test Design, Inc. v. Contec*, a case with facts similar to the instant case, the Federal Circuit upheld the dismissal of a first-filed patent infringement declaratory action as an improper anticipatory action. 952 F.3d 1356. There, the defendant sent the plaintiff a letter, along with a draft of a patent infringement complaint, stating that it determined that the plaintiff had infringed its patents and that the defendant would sue for patent infringement if the plaintiff did not agree to the defendant's demand to license the patent by a certain date. The parties then agreed to instead discuss licensing several days after the deadline; when that date arrived, the plaintiff informed the defendant that it had instead filed suit for a declaratory judgment three days earlier. The defendant then filed a patent infringement action in a different forum. The district court dismissed the plaintiff's declaratory judgment suit as an anticipatory action. The Federal Circuit upheld the ruling, affirming that to "string [defendant] along just long enough to get the judicial

drop and file this lawsuit in its own backyard" was "inconsistent with the policy promoting extrajudicial dispute resolution, not to mention sound judicial administration and the conservation of judicial resources." *Id*. at 1364, 1365.

District courts have subsequently followed *Contec* in dismissing anticipatory declaratory judgment patent actions. *See, e.g.*, *Amperex Tech. Ltd. v. Maxell, Ltd*., No. 21-CV-08461, 2021 WL 4398804, at *5 (D.N.J. Sept. 27, 2021) ("[T]he threat of a patent infringement lawsuit if a certain action is not taken (*e.g.*, cease and desist or agree to purchase a license) by a certain date will suffice [to deem a declaratory judgment suit anticipatory]. Words to the effect of 'We will sue you if you do not license our patent by November 1' are a specific, concrete indication of imminent litigation . . . .").

In line with this precedent, the Court finds that this suit is an anticipatory action that warrants dismissal. First, while the cease-and-desist letter did not include a filing date or a specific court for filing suit, it did clearly inform Peloton of the intention to file suit in federal court. The cease-and-desist letter also specified the causes of actions lululemon would pursue—patent and trade dress infringement and trade secret misappropriation—and provided a deadline—November 19, 2021—by which Peloton needed to comply with its demands before lululemon brought its claims to court. *See Skiplagged, Inc. v. Sw. Airlines Co*., No. 21-CV-5749, 2022 WL 2391999, at *3 (S.D.N.Y. June 30, 2022) (dismissing declaratory judgment action as anticipatory, finding that cease-and-desist letters presented a credible threat of litigation where they "identified specific causes of action that [defendant] may pursue against [plaintiff]" and "set deadlines for [plaintiff] to comply with the demands in those letters"); *Amperex*, 2021 WL 4398804, at *4 ("[C]ases have . . . held that when one party gives a deadline by which a dispute must be resolved non-judicially and the other party quickly files a declaratory action, the declaratory suit is anticipatory, even

without additional indicia of bad faith. The deadline alone constitutes a specific, concrete indication that suit by the defendant is imminent.").

In deciding whether to dismiss an action as an anticipatory filing, courts also look at the surrounding circumstances and evidence of bad faith. *See Contec*, 952 F.3d at 1364 ("[R]egardless of [plaintiff]'s motive or intent, its pre-suit communications and conduct support the district court's conclusion that the declaratory judgment action was filed in anticipation of [defendant]'s infringement suit."); *Skippedlagged*, 2022 WL 2391999, at *4 (dismissing declaratory judgment action filed one day after the defendant's cease-and-desist letter, stating that "[t]he circumstances of Skiplagged's filing of this action further weigh heavily in favor of dismissal on improper anticipatory filing grounds"); *Dish Network, L.L.C. v. Am. Broad. Cos.*, No. 12-CV-4155, 2012 WL 2719161, at *4–6 (S.D.N.Y. July 9, 2012) (dismissing a suit filed the day after reports of a potential lawsuit); *Amperex*, 2021 WL 4398804, at *6 (concluding that the circumstances at hand evinced less bad faith than was present in *Contec*, because "[the defendant], unlike the patentee in *Contec*, did not extend a previous deadline to accommodate ongoing negotiations").

Here, both parties agree that subsequent to the November 11, 2021 cease and desist letter, Peloton informed lululemon on November 15, 2021 that it could not guarantee that its response would be ready by the November 19 deadline. *See* ECF No. 24-2, Ex. 2, at 2. Lululemon responded that "[a]s a matter of professional courtesy, we are happy to consider extending the deadline for response," once Peloton proposes a new deadline. *Id*. Peloton answered by proposing a deadline of November 24, 2022, and lululemon agreed, stating that "[p]er your request, lululemon agrees to extend the deadline for Peloton's response to November 24." *Id*. at 1. Peloton did not send lululemon a response to the cease-and-desist letter on November 24, 2022; instead, Peloton filed the instant action on that day. This context and timing—Peloton representing that it would likely

not be ready to submit a response as requested, proposing a new deadline by which to respond, and then instead filing the declaratory judgment suit on that date—supports a finding that this suit is an improper anticipatory declaratory judgment action.

### III.     The Balance of Convenience

Under Second Circuit precedent, "a district court may dismiss the first-filed case without [the balance of convenience] analysis," where the suit is an anticipatory filing and thus is covered by the "special circumstances" exception to the first-to-file rule. *Wausau*, 522 F.3d at 275; *see also Skiplagged*, 2022 WL 2391999 at \*4 ("A court dismissing pursuant to the anticipatory filing doctrine need not reach the issue of which venue is superior from the standpoints of convenience and personal jurisdiction." (internal quotation marks and citation omitted)).

Even under Federal Circuit precedent, where "the anticipatory nature of [a] declaratory action [is] merely one factor in the analysis," dismissal is warranted here. *Contec*, 952 F.3d at 1364. "Other factors include the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, and the possibility of consolidation with related litigation."[2] *Micron Tech*., 518 F.3d at 904. When balancing the convenience factors, "which is committed to the court's sound discretion," the Court finds each factor to be neutral. *Contec*, 952 F.3d at 1365.

First, the convenience of the parties factor is "less weighty" here as both parties are "two large corporations that regularly conduct business on a national or international basis." *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp*., 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998). With respect to the convenience of witnesses relevant to the infringement claims at issue here, an

---

[2] Neither party addresses or disputes the absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation. The Court does not address these factors.

inventor of one of the patents works in California, *see* ECF No. 24 ¶ 5, while the inventors of the other patents and trade dress reside in Vancouver, British Columbia, which is closer to the Central District of California than the Southern District of New York, *see id.* ¶ 6. Three lululemon employees relevant to this dispute—lululemon's chief product officer, chief brand officer, and key accounts manager—are located in the Central District of California, *see* ECF No. 23 ¶¶ 3,4,7. On the other hand, Peloton's apparel and design teams are based in the Southern District of New York. ECF No. 29 ¶ 4. Peloton also claims that Peloton's primary lululemon contacts were based in the Southern District of New York. *Id.* ¶ 14. Peloton's co-branding partners who sold Peloton three of the products relevant here and the designer who designed several of the relevant products are based in the Southern District of New York. *Id.* ¶ 24–25. Thus, as potential key witnesses are located in both jurisdictions, this factor is neutral in the Court's analysis.

To the extent there is one locus of the relevant events, neither the Central District of California nor the Southern District of New York comes out ahead. Meetings between the two parties in which Peloton selected which items to market alongside lululemon occurred in the Central District of California. *See* ECF No. 23 ¶ 7. Further, the only United States-based lululemon facility where prototypes of products are reviewed and where samples of all lululemon products are located is in the Central District of California. *See id.* ¶¶ 5–6. Additionally, according to lululemon, Peloton maintains thirteen showrooms in California as compared to six in New York, *see* ECF No. 24 ¶ 7, while sixteen percent of lululemon's U.S. retail stores are located in California as compared to six percent in New York, see ECF No. 23 ¶ 9. However, assuming most sales for the two companies occur online and not in showrooms, the location of sales favors neither party. In favor of New York, the samples and prototypes of Peloton's allegedly infringing products are located either in Massachusetts or New York, not California, *see* ECF No. 29 ¶ 7, the parties' co-

branding agreement was signed in New York and most of the meetings between lululemon and Peloton (though not necessarily the meetings relevant to the infringement dispute) occurred in New York, *id*. ¶¶ 12, 17, and Peloton's decision to purchase the products at issue here was made in New York City, *id*. ¶ 4. Finding that neither location has stronger ties to the specific issue here— infringement of lululemon's designs—the Court concludes that the locus of events is a neutral factor.

Last, the Court affords little weight to the physical location of Peloton's corporate records. Peloton has not made "a detailed showing of the burden it would incur" by transporting its records to the Central District of California, and, further, "documents may be transferred from one district to another district across the country with little difficulty, using electronic means." *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 401 n.2 (S.D.N.Y. 2005) (internal quotation marks and citations omitted); *Steck v. Santander Consumer USA Holdings, Inc.*, No. 14–CV–6942, 2015 WL 3767445, at *7 (S.D.N.Y. 2015) (internal quotations and citations omitted).

Thus, having concluded that this action is an anticipatory action and having found the balance of convenience to favor neither party, the Court GRANTS lululemon's motion.

**CONCLUSION**

For the foregoing reasons, this action is dismissed. The Court also grants both parties' motions to seal. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 20, 21, and 27, and close this case.

**SO ORDERED.**

**Dated: September 29, 2022**
     **New York, New York**

_____
          **ANDREW L. CARTER, JR.**
          **United States District Judge**